| JUANA DEL CARMEN GOMEZ, | ) | Case No.: 1:17-cv-01035 - JLT |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S REQUEST |
| | ) | FOR A FOURTH EXTENSION OF TIME |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On July 16, 2018, the parties filed a stipulation for a fourth extension of time, for Defendant to have an extension of thirty days to file a response to Plaintiff's opening brief. (Doc. 24) For the following reasons, the Defendant's request to amend the scheduling order is **DENIED** without prejudice.

**I.     Background**

On August 2, 2017, Plaintiff initiated this action by filing a complaint seeking judicial review of the administrative decision to deny her application for benefits under the Social Security Act. (Doc. 1) The Court issued its scheduling order in this action on August 7, 2017, setting forth the applicable filing deadlines. (Doc. 5) The parties were informed, "The court will allow a single thirty (30) day extension of any part of this scheduling order by stipulation of the parties." (*Id.* at 4) The parties were also informed that "[w]ith the exception of the single thirty day extension, requests to modify this order must be made by written motion and will be granted only for good cause." (*Id.*) Finally, the Court

1

1  advised the parties that "[r]equest[s] for modification of this briefing schedule will **not** routinely be

2  granted."  (*Id.*, emphasis in original).

3    On December 19, 2017, the parties filed a stipulation for an extension of 45-days for Defendant

4  to prepare and file the certified administrative record in this action. (Doc. 9)  The Court found good

5  cause existed to grant an extension beyond the thirty days permitted under the Scheduling Order, and

6  granted the request.  (Doc. 10)  However, on January 30, 2018, Defendant requested a second extension

7  of time, reporting Plaintiff's claim "was pending before the agency until January 14, 2018."  (Doc. 11

8  at 1)  Therefore, the Court granted the second extension of time.  (Doc. 12) The certified administrative

9  record was filed on March 7, 2013.  (Doc. 13)

10    Plaintiff filed her opening brief in the action on June 26, 2018.  (Doc. 20)  Pursuant to the terms

11  of the Court's scheduling order, Defendant's response to the opening brief was to be filed within thirty

12  days of the date of service, or no later than July 26, 2018.  (*See* Doc. 5 at 3)  On July 16, 2018,

13  Defendant filed a third stipulation of the parties to extend the filing deadline, reporting counsel would

14  "be on leave from July 18, 2018 through July 26, 2018."  (Doc. 22 at 1)

15    On July 16, 2018, the Court granted the third extension of time and ordered Defendant to "file a

16  response to the opening brief no later than **August 27, 2018**."  (Doc. 23 at 2, emphasis in original)

17  Plaintiff was directed to file any reply brief "no later than September 10, 2018."  (*Id.*)  In addition,

18  "[t]he parties [were] advised that no further extensions of time will be granted absent a showing of

19  exceptionally good cause."  (*Id.*)

20    Defendant filed the request for further extension of time now before the Court on August 20,

21  2018.  (Doc. 24)  Although this is now the fourth extension requested, Defendant filed the request,

22  again, as a stipulation of the parties.  Therefore, the Court construes the stipulation to be a motion by

23  Defendant to amend the scheduling order.  (*See* Doc. 5 at 4)

24  **II. Scheduling Orders**

25    The court's scheduling order "controls the course of the action unless the court modifies it."

26  Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson*

27  *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the

28  heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

2

Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4).

Parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting the modification of a scheduling order has the burden to demonstrate:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time … and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

### III.	Discussion and Analysis

Defendant requests that the filing deadline for responding to Plaintiff's opening brief be extended from August 27, 2018, to September 26, 2018. (Doc. 24 at 1) Defendant "requests this additional time because [counsel] is in the process of relocating and will be out of the office on leave." (*Id.*)

Notably, Defendant fails to provide any information regarding the dates or duration of the expected leave. Further, Defendant previously requested an extension of time, reporting counsel was to "be on leave from July 18, 2018 through July 26, 2018." (Doc. 22 at 1) Presumably, counsel was aware at that time of the planned relocation, and could have anticipated the need for a second leave of absence. Despite this, counsel requested a filing deadline of August 27, 2018. (*See id.*) The court granted this request, and informed the parties that "no further extensions of time will be granted absent a showing of *exceptionally good cause*." (Doc. 23 at 2, emphasis added)

Given the lack of information provided by counsel, the Court cannot find Defendant has acted with diligence in attempting to comply with the Court's Scheduling Order in this action. Although the filing deadline is a date requested by Defendant, counsel fails to provide any information such that the Court can find "the development of matters which could not have been reasonably foreseen or

3

1  anticipated" when this filing deadline was requested. *See Jackson,* 186 F.R.D. at 608. Consequently,

2  Defendant fails to show modification of the deadlines is appropriate.

3  **IV.      Conclusion and Order**

4       Defendant fails to demonstrate good cause for a fourth extension of time in this action, let alone

5  the *exceptionally* good cause that the Court indicated would be required for a further extension.

6       Accordingly, the Court **ORDERS**:  Defendant's request for a fourth extension of time (Doc. 24)

7  is **DENIED** without prejudice.

8

9  IT IS SO ORDERED.

10      Dated:    **August 21, 2018**                    **/s/ Jennifer L. Thurston**
11                                         UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28