UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA DEL CARMEN GOMEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:17-cv-1035- JLT<br><br>ORDER GRANTING IN PART COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 32) |

Denise Bourgeois Haley, counsel for Plaintiff Juana Del Carmen Gomez, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 32) Neither Plaintiff nor the Commissioner of Social Security oppose the motion.[1]  For the following reasons, the motion for attorney fees is **GRANTED**.

**I.      Relevant Background**

Plaintiff entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing on May 4, 2015.  (Doc. 32-1)  The agreement entitled counsel to an award of "25% of all past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court," if judicial review of an administrative decision was required, and the adverse decision of an ALJ was reversed. (*Id.* at 1) The agreement also indicated Court approval would be sought for counsel's fees under the

---

[1] The Commissioner filed a response to the motion, in which he offered an "analysis of the requested fees" to assist the Court, but asserted he was "not in a position to either assent to or object to the §406(b) fees that Counsel seeks." (Doc. 35 at 3)

Equal Access to Justice Act.  (*Id.*)

On August 2, 2017, Plaintiff filed a complaint for review of the administrative decision denying his application for Social Security benefits.  (Doc. 1)  Following briefing by the parties, the Court determined the administrative law judge failed to identify legally sufficient reasons for rejecting limitations identified by Plaintiff's treating physician and failed to resolve conflicts in the record related to Plaintiff's physical limitations.  (Doc. 28 at 10-14)  Therefore, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on February 22, 2019.  (*Id.* at 15)  The parties stipulated to the award of fees, and the Court awarded $4,500.00 in fees under the Equal Access to Justice Act to Plaintiff, pursuant to the terms in the stipulation.  (Docs. 30, 31)

Following the remand, an ALJ issued a "Fully Favorable" decision on February 24, 2020, finding Plaintiff "has been under a disability as defined in the Social Security Act since June 20, 2011." (Doc. 32-2 at 1, 15)  On March 12, 2020, the Social Security Administration concluded Plaintiff was entitled to monthly benefits from Social Security beginning October 2012. (Doc. 32-3 at 2)  In total, Plaintiff was entitled to $75,966.00 in past-due benefits, from which the Commissioner withheld $18,991.50 for payment of Plaintiff's attorney's fees.  (Doc. 32 at 3; Doc. 32-3 at 5)

On March 23, 2020, Ms. Haley filed the motion now pending before the Court, seeking an award of $18,000.00 in attorney's fees.  (*See* Doc. 32)  Plaintiff was served with the motion and informed of the right to file a response, to indicate whether she agreed or disagreed with the requested fees.  (*Id*. at 2, 13)  Plaintiff has not opposed the motion.

**II.     Attorney Fees under Section 406(b)**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).  A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535

U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

### III.  Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved."  *Id.* at 808.  In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which she agreed to pay twenty-five percent of any awarded past-due benefits. (Doc. 32-1 at 1)  The Law Offices of Lawrence D. Rohlfing accepted the risk of loss in the representation and expended a total of 23.9 hours while representing Plaintiff before the District Court.  (Doc. 32 at 5, ¶ 5; Doc. 32-4 at 1-2)  Due to counsel's work, the action was remanded further proceedings, and Plaintiff received a fully favorable decision.  For this, Ms. Haley requests a fee of $18,000.00.  (Doc. 32 at 1) Because $4,500.00 was previously paid under the EAJA, the net cost to Plaintiff is $13,500.00.  Finally, though served with the motion and informed of the right to oppose the fee request (*id.* at 2, 10), Plaintiff did not file oppose the request and thereby indicates her implicit belief that the fee request is reasonable.

Significantly, there is no indication that counsel performed in a substandard manner or engaged in severe dilatory conduct.  Plaintiff was able to secure a remand for payment of benefits following her appeal, including an award of past-due benefits. Finally, the fees requested are approximately ten percent of the past-due benefits, and do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b), or the amount withheld by the administration for payment of fees.

### IV.  Conclusion and Order

Based upon the tasks completed and results achieved following further proceedings, the Court finds the fees sought by Ms. Haley and the Law Offices of Lawrence D. Rohlfing are reasonable.

Accordingly, the Court **ORDERS**:

    1.    Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $18,000.00 is **GRANTED**;

    2.    The Commissioner shall pay the amount directly to Counsel, the Law Offices of Lawrence D. Rohlfing; and

    3.    Counsel **SHALL** refund $4,500.00 to Plaintiff Juana Del Carmen Gomez.

IT IS SO ORDERED.

Dated:   **April 15, 2020**                     **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE